[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION #193 POST JUDGMENT
The marriage of the parties was dissolved by decree of this court on October 7, 1998. They have one minor child, Abigail, born November 20, 1996. Both parties have since remarried. Incorporated in said decree is the Agreement of the parties dated July 9, 1998, and, in particular, Article 5.1 thereof, dealing with medical insurance and the payment of medical expenses of the minor child not covered by the insurance.[1]
The plaintiff father ("father"); brought the instant motion claiming that the defendant mother ("mother"); is in breach of this order, and has asked the court for finding of contempt, the imposition of sanctions, as well as orders requiring reimbursement to him for monies advanced as well as a requirement that the mother provide him with proof of health insurance, if any. The mother insists that the father either submitted the bills to her too late to process the claims in a timely manner or that she has, in fact, processed same and is awaiting payment. Complicating matters is the fact that the mother left her former employment, thereby losing the health insurance, and moved to Texas. Her new spouse maintains insurance for her and the child.
The court heard the parties at a hearing on August 19, 2002. Prior thereto, the court was very well-acquainted with the file, having heard numerous post judgment motions and arguments. To say that the litigation is acrimonious and contentious would be an understatement. It continues, although somewhat abated, despite the passage of four years. The ongoing failure of the parties to communicate in a civil and constructive manner with regard to basic child-related issues, such as the medical insurance coverage and bills, issues that they are mandated to deal with by their own agreement and by court order, has virtually guaranteed numerous court appearances in the future and has hamstrung the court in its ability to resolve issues with the degree of finality so important in these cases. Moreover, as a practical matter, it has resulted in delayed and/or untimely filing of claims, and ultimately the denial of other claims, for which each party must bear some responsibility. CT Page 16073
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in General Statutes §§ 46b-56, 46b-84, and 46b-86, and §§ 25-23 through 25-30 of the Connecticut Practice Book, hereby makes the following findings:
1. That the mother left her employment on or about August 2001; that the then-existing health insurance coverage for the minor child is no longer available to her at no cost; that the minor child is presently covered through a policy carried by her current husband at no cost to the parties; and that it is the obligation of both parties to share equally the cost of unreimbursed medical expenses, including deductibles, as well as the future cost of premiums for the minor child, if any.
2. That constructive communication between the parties has been virtually non-existent; that some medical bills were incurred by the parties for services not discussed between the parties; that some bills were not processed in a timely fashion, in part due to the failure of the father to submit them to the mother, and in part due to the mother's failure to provide the father with timely and adequate information about the new health insurance coverage for the minor child and/or submit them to the carrier; and that it is equitable and appropriate that each party bear some financial responsibility.
3. That the father presented evidence that he has paid a total of $1,838.90 as and for medical expenses for the minor child; that he has incurred an additional bill from Greenwich Hospital in the amount of $1,182.30 for which no payment has been made, for a total of $3,021.20; and that he seeks reimbursement and/or contribution from the mother for one-half.
4. That the mother presented evidence that she has paid medical bills on behalf of the minor child the sum of $1,895.19, and incurred an additional $869.00 for which no payment has been made, for a total of $2,764.19, for which she claims an offset against any sums owed to the father.
5. That the mother presented evidence to the court that she received an insurance reimbursement check in the amount of $424.02 for prescription charges; that $291.11 of said amount represented a reimbursement for a portion of the $363.90 in charges substantiated by father; that the remaining co-pay to be shared by the parties is $72.80 for those charges substantiated by the father, and for which the father is entitled be CT Page 16074 reimbursed for one-half and that the evidence establishes that the mother gave the entire insurance check to the father, and she is therefore entitled to a credit in the amount of $96.51 ($424.02 minus $291.11 minus $36.40 = $96.51);
6. That the mother presented testimony that the charges incurred for Dr. Milazzo in the amount of $290.00 were not timely filed and the claim was rejected; and that it is equitable and appropriate that each party share this bill equally.
7. That taking into consideration all payments and reimbursements as ofthe date of the hearing, the father owes to the mother the sum of $947.59; that the mother owes to the father the sum of $677.39 ($773.90 minus $96.51 $677.39); that there is a net difference of $270.20 in favor of the mother; and that in addition, each of theparties owes the sum of $1,025.65 for unpaid charges incurred on behalf of the minor child ($591.15 Greenwich Hospital and $434.50 Psychotherapy Associates of Westport); and that each shall be entitled to a credit equal to one-half of any insurance reimbursement for the Greenwich Hospital bill.
8. That the wife testified that, in addition to the Greenwich Hospital bill, she has submitted to the carrier Dr. Burbidge's bill ($400.00), Dr. Connor's bill ($50.00), and Dr. Woodbury's bill ($235.00); that, in addition, except for the physical examination, the carrier has indicated that it will process the balance of the claim for Children's Medical Group; and that to the extent that any sums are paid by the carrier as and for these claims, it is equitable and appropriate that should the father or mother receive of any of said checks, he or she shall refund one-half of same to the other. In the event that the carrier pays the medical service provider directly, the father shall reimburse the mother one-half of such amount.
9. That taking into account the amount of time spent by the court in hearing this motion, considering the evidence, and rendering a written opinion, as well as the other attendant costs incurred by the parties, including time lost from work, travel, and attorneys fees, and comparing them with the relatively insignificant sums involved, but for the abysmallack of civility and constructive communication by and between theparties, the motion was unwarranted and unnecessary, and that if the court is asked to hear further motions in a similar vein by either party, it will consider appropriate sanctions and an allocation of the costs involved.
 ORDER
CT Page 16075
THE PLAINTIFF'S MOTION FOR CONTEMPT IS HEREBY DENIED.
IT IS HEREBY ORDERED THAT:
1. The defendant mother shall within two (2); weeks from the date hereof provide the plaintiff father with a current health insurance card and explanation of benefits booklet; and in addition, as to any future changes in coverage and/or the deductible shall notify the plaintiff father within two weeks of notice of any such changes.
2. The plaintiff father shall have the right to process future medical insurance claims directly with the carrier per General Statutes §46b-84 (e).
3. Each party shall provide the other with copies of paid medical bills within thirty (30); days of receipt.
4. The plaintiff father shall pay to the defendant mother the sum of $270.20 within two (2); weeks from the date of this order.
5. The party in receipt of any insurance reimbursement check for the Burbidge, Woodbury, Connor, and Children's Medical Group bills, shall refund to the other one-half of same within two (2), weeks of receipt. Likewise, should any or all of the foregoing be paid directly to the medical service provider, the plaintiff father shall refund one-half of said sum to the defendant wife within thirty (30), days of notification by the carrier of such payment.
6. The plaintiff father shall within thirty (30), days from the date of this order make satisfactory arrangements with Psychotherapy Associates of Westport for the payment of his one-half share of the outstanding balance, and shall indemnify and hold the defendant mother harmless in connection therewith.
7. The defendant mother shall within thirty (30); days from the date of this order make satisfactory arrangements with Greenwich Hospital for the payment of her one-half share of the outstanding balance, and shall indemnify and hold the plaintiff father harmless in connection therewith.
THE COURT
___________________ SHAY, J. CT Page 16076